UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U & I CORPORATION,

      Plaintiff,

vs.                                                            Case No.: 8:06-CV-2041-T-17EAJ

ADVANCED MEDICAL DESIGN, INC.,

      Defendant.

_____/

## ORDER

Before the court are the **Motion to Compel Production of Documents and Privilege Log and for Entry of Protective Order** (Dkt. 19) filed by Defendant/Counter Plaintiff Advanced Medical Design, Inc. and Plaintiff/Counter Defendant U & I Corporation's **Response** (Dkt. 21). Also before the court is Advanced Medical Design, Inc.'s **Notice of Partial Resolution of Motion to Compel** (Dkt. 24) and **Request for Oral Argument** (Dkt. 29). As discussed below, the **request for oral argument is denied** and the **motion to compel is GRANTED in part** and **DENIED in part**.

## I.    Background

Plaintiff/Counter Defendant U & I Corporation ("U & I") sells medical equipment and is headquartered in Korea (Dkt. 1). Defendant/Counter Plaintiff Advanced Medical Design, Inc. ("AMD"), a Florida company, marketed and sold U & I's products in Latin America under a 2002 agreement between the parties (Id.). Specifically, the products awarded to AMD under the agreement included U & I's OPTIMA Spinal System line of products and other spinal implants and trauma products. On October 16, 2006, U & I filed this case against AMD for breach of contract, account stated, open account, and unjust enrichment for AMD's failure to pay its outstanding

balance in 2005 and 2006 (Id.).  AMD counterclaimed for breach of contract alleging, among other things, that U & I breached the agreement when it failed to deliver products within the time requirements of the contract, failed to offer AMD new products as required by the contract, and entered into an agreement with a third party to distribute the same products covered by the agreement with AMD (Dkt. 8).

This dispute concerns AMD's first document production requests.  In its motion to compel, AMD seeks three things: (1) an order compelling U & I to produce additional responsive documents; (2) an order compelling U & I to produce a privilege log listing documents withheld on the basis of the attorney-client privilege or the work product doctrine; and (3) entry of a confidentiality order (attached as Exhibit E to its motion) (see Dkt. 19).

Since the filing of AMD's motion, the parties have stipulated to a protective order and have resolved some of the arguments (Dkts. 24, 25).  This order addresses only the unresolved issues. AMD also requests oral argument.

**II.    Analysis**

As an initial matter, AMD's request in its motion to compel that the court enter the unilateral protective order attached to its motion as Exhibit E is denied as moot.  Since AMD filed its motion, the parties have stipulated to a protective order (Dkt. 25), which the court approved (Dkt. 32). Additionally, pursuant to AMD's Notice of Partial Resolution (Dkt. 24), the court denies as moot AMD's motion to compel with respect to Request for Production Nos. 4, 6, 8, 9, 10, 11, 12, and 15. AMD's request that the court compel U & I to produce a privilege log is also denied as moot, as the

parties appear to have resolved this issue.[1]

Turning to the unresolved issues, in general AMD asserts that U & I is inappropriately narrowing its production to documents dating from 2005 to the present.  AMD submits that discovery dating back to January 1, 2002 is relevant to its claim that U & I breached the agreement by refusing to provide AMD with products once they were ready for market (Dkt. 19).  AMD also claims that discovery dating back to 2002 will reveal that U & I was engaging in a systematic termination of its contractual rights with other parties, which supports AMD's claim that U&I intentionally breached the contract in this case (Id. at 5).

U & I's primary objection to producing documents dating back to January 1, 2002 is that such a requirement is unduly burdensome.  It states that it would consider a greater time frame "if the discovery process leads to the need or reasonable basis for such additional time frames without Court intervention." (Dkt. 21 at 5).

Rule 26(b)(1), Fed. R. Civ. P., which defines the scope of discovery, was amended in 2000.  Rule 26(b)(1) provides that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."  Further, "for good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1) (emphasis supplied).

The rule change was to involve the court more actively in regulating the breadth of sweeping or contentious discovery.  Fed. R. Civ. P. 26, Advisory Committee Note.  The Advisory Committee

---

[1]  Further, U & I asserts that it is not withholding documents on the basis of the attorney-client privilege or the work product doctrine (Dkt. 21 at 10).  However, should U & I, in complying with this order, withhold responsive documents under claims of privilege, it is required to produce a privilege log in accordance with Fed. R. Civ. P. 26(b)(5).

intended by the rule change for the parties and the court to focus "on the actual claims and defenses involved in the action." Id. The rule change signals to the court that "it has the authority to confine discovery to the claims and defenses asserted in the pleadings . . ." Id.

Request Nos. 1, 7, 13, 16

Through Request Nos. 1, 7, 13, and 16, AMD requests documents dating back to January 1, 2002. Specifically, in Request No. 1, AMD requests any and all documents relating to the right to distribute U & I's OPTIMA products or any spinal and trauma implant line of products from January 1, 2002 through the present date. In Request No. 7, AMD asks for any and all documents dating back to January 2002 related to the development, regulation, or registration of PRIMA (a product extension of the OPTIMA line) and other U & I trauma spinal and implant products. Request No. 13 seeks any and all documents from January 1, 2002 to the present date that were submitted to government agencies and relate to OPTIMA certifications or certifications of any other U & I trauma and spinal implant line under development. Finally, in Request No. 16, AMD seeks any and all documents that include the names of distributors of OPTIMA or any other U & I spinal and trauma implant line from January 2002 until today. (Dkt. 19 at 4, 7, 12-15)

AMD contends that responsive documents dating back to 2002 are relevant because they will demonstrate U & I's breach of the agreement and that U & I failed to provide AMD with products when they became ready for market. U & I, on the other hand, has agreed to produce all responsive documents dating back to 2005, but maintains that under Fed. R. Civ. P. 26(b)(2), the court should not permit discovery prior to that date.

Upon consideration of the parties' arguments as well as the pleadings and other filings in the case, the court finds that Request Nos. 1, 7, 13, and 16 target relevant information and are

reasonably calculated to lead to the discovery of admissible evidence under Fed. R. Civ. P. 26(b)(1). However, AMD does not demonstrate good cause at this stage for obtaining discovery of documents dating back to January of 2002.  AMD asserts in his motion that "U & I began terminating other contracts as early as 2003." (Dkt. 19 at 5)  Further, AMD states in its counterclaim that U & I failed to meet its obligations under the agreement beginning in the Fall of 2004 (Dkt. 8 at11).  Therefore, the court finds that the time frame of the requests is too broad.  Thus, upon consideration, U & I is ordered to produce responsive documents dating from January 1, 2003 until the present date.

 Accordingly, AMD's motion to compel with respect to Request Nos. 1, 7, 13, and 16 is granted in part and denied in part.

Request No. 5

In this request, AMD seeks any and all documents relating to production scheduling reports for OPTIMA or any other U & I trauma implant line for the years 2004 and 2005 (Dkt. 19 at 6).  U & I has agreed to produce responsive documents subject to a protective order and subject to the condition that the request is limited to the mass production of the product lines (Dkt. 21 at 6).

AMD argues that because U & I represented that certain spinal and trauma implant products were unavailable for 2004 and 2005, all scheduling orders are relevant to its claim that the devices were actually being produced during this time period.  It is AMD's position that U & I's proposal to limit its response to documents showing the mass production of products is improper; according to AMD, it is entitled to seek documents relating to a production number, no matter how minimal the quantities may be (Dkt. 19 at 6).

U & I responds that "off-prescription"/custom use products (those it produced on a small scale for high use doctors in 2004 and 2005) should be exempt from discovery under Request No.

5.  U & I represents that none of the "off-prescription"/custom use products were used in Latin America and are outside of the agreement with AMD (Dkt. 21 at 6).

In light of U & I's representation, the court excludes production scheduling reports for "off-prescription"/custom use devices for 2004 and 2005 from U & I's production.  Otherwise, U & I is ordered to respond to Request No. 5.

Request Nos. 17, 18

The final two issues between the parties involve Request Nos. 17 and 18.  U & I lodged objections to these requests beyond its time frame objections.  In Request No. 17, AMD seeks any and all documents relating to correspondence between U & I and distributors of OPTIMA or any other U & I spinal and trauma implant line from January 1, 2002 to the present date.   U & I contends that this request is overbroad.   The court agrees.

U & I has not suggested an appropriate limitation as to the scope of this request, but U & I has acknowledged that responses to other discovery requests (Request Nos. 1, 6, 10, and 11) "would provide at least the name and address of the relevant distributors and the subject termination notices of certain distributors regardless of geographical relevance."  (Dkt. 21 at 9)  In view of AMD's failure to narrow the scope of this request, the court shall limit the request to the names and addresses of distributors of OPTIMA or other implant lines and termination notices for those distributors from January 1, 2003 until the present.  The motion is granted to that extent but is otherwise denied.

Finally, in Request No. 18, AMD seeks any and all documents relating to correspondence between Zimmer Spine and OPTIMA distributors or distributors of any other U & I product.  U & I objects on the basis that the discovery of a third party's communications with an unknown number

of other third parties is more easily obtained from other sources.  Whether U & I has any such documents in its possession is not clear.  Its response to Request No. 18 denied possession of any responsive documents (Dkt. 19 at 15).  However, in its response to the motion to compel, U & I objects that it has no way "to search for such responsive documents . . ." and asserts that a third-party discovery request to Zimmer Spine would be a less burdensome and less expensive way for AMD to obtain such information (Dkt. 21 at 9).

It is not a complete bar to the discovery of relevant material that the material is obtainable from another source.  See Fort Washington Res., Inc. v. Tannen, 153 F.R.D. 78, 79 (E.D. Pa. 1994).  To the extent that U & I has responsive documents under its control (as that term is defined pursuant to Fed. R. Civ. P. 34), the court finds that it would be just as convenient for U & I to collect the information if it exists (subject to the time period imposed above) than to require AMD to obtain these records from other, non-party sources.   Further, if U & I is correct that it has no responsive documents under its control, then its response to this request is complete and there is no further burden of production.

Thus, AMD's motion to compel as to Request No. 18 is granted in part and denied in part.  U & I is ordered to produce responsive documents under its control dating from January 1, 2003 to the present date.  If U & I has no such responsive documents under its control, it is directed to clarify this in an amended response to AMD's document production requests.

## III.    Conclusion

Upon consideration, it is **ORDERED** and **ADJUDGED**:

(1)      Within 20 days of the date of this order, U & I is ordered to produce documents responsive to **Request Nos. 1, 5, 7, 13, 16, 17, and 18**, subject to the limitations

discussed above.  Thus, AMD's **Motion to Compel Production of Documents and Privilege Log and for Entry of Protective Order and Memorandum in Support** (Dkt. 19) as to these requests is **GRANTED in part** and **DENIED in part**;

(2)     AMD's motion to compel is **DENIED as moot** as to **Requests Nos. 4, 6, 8, 9, 10, 11, 12, and 15**;

(3)     AMD's **request that the court order Plaintiff/Counter Defendant to produce a privilege log** is **DENIED as moot**;

(4)     AMD's **Request for Oral Argument** (Dkt. 29) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on this 13th day of July, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge