UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U & I CORPORATION,

   Plaintiff,

vs.              Case No.: 8:06-CV-2041-T-17EAJ

ADVANCED MEDICAL DESIGN, INC.,

   Defendant.

_____/

## ORDER

Before the court are the **Motion for Sanctions, Motion to Compel Inspection of Computer** (Dkt. 41) filed by Defendant/Counter Plaintiff Advanced Medical Design, Inc. ("AMD"), Plaintiff/Counter Defendant U & I Corporation's **Response** (Dkt. 42), and AMD's **Reply** (Dkt. 45). Also before the court are U & I Corporation's **Motion for Protective Order to Production of Documents Served on Non-Party Zimmer Spine, Inc.** (Dkt. 46), AMD's **Response** (Dkt. 51), non-party Zimmer Spine, Inc.'s **Motion to Quash or Modify the Subpoena** (Dkt. 48), and AMD's **Response** (Dkt. 50). The parties filed documents under seal related to these motions (S-1, S-2). The court held hearings on the motions on November 15, 2007, and November 21, 2007.

Upon consideration of the parties' and Zimmer Spine's filings and statements at oral argument, the motions are granted in part and denied in part, as discussed below.

## I. Background

This is a diversity case. U&I Corporation sells medical equipment and is headquartered in Korea (Dkt. 1). AMD, a Florida company, marketed and sold U & I's products in Latin America under a 2002 agreement between the parties (Id.). Specifically, the products awarded to AMD under the agreement included U & I's OPTIMA Spinal System line of products and other spinal implants

and trauma products.

On October 16, 2006, U & I filed this case against AMD for breach of contract, account stated, open account, and unjust enrichment for AMD's failure to pay its outstanding balance in 2005 and 2006 (Id.). AMD counterclaimed for breach of contract and anticipatory breach alleging, among other things, that U & I breached the agreement when it failed to deliver products within the time requirements of the contract, failed to offer AMD new products as required by the contract, and entered into an agreement with non-party Zimmer Spine, Inc. to distribute OPTIMA products and other products covered by the agreement with AMD (Dkt. 26). U & I does not dispute that it entered into a contract with Zimmer Spine but argues that the contract contains a specific carve-out for AMD's territory (Dkt. 42 at 2). The parties heavily dispute the extent of U & I's pre-contract negotiations with Zimmer Spine.

On July 13, 2007, this court entered an order granting in part and denying in part AMD's first motion to compel, ordering U & I to produce certain documents within 20 days of the date of the order (Dkt. 34). In general, the court ordered U & I to produce responsive documents dating back to January 1, 2003.[1]

---

[1]   The court ordered U & I to produce documents regarding:  (1) the right to distribute U & I's products or any spinal and trauma implant line of products; (2) the development, regulation, or registration of PRIMA and other U & I trauma spinal and implant products; (3) information submitted to government agencies that relate to OPTIMA certifications or certifications of any other U & I trauma and spinal implant line under development; and (4) the names of distributors of OPTIMA or any other U & I spinal and trauma implant line (Dkt. 34 at 5). The undersigned also ordered U & I to produce documents relating to production scheduling reports for OPTIMA or any other trauma implant line for the years 2004 and 2005 but excluded "off-prescription"/custom use products (those produced on a small scale for high use doctors) because they are outside of the agreement with AMD. Finally, U & I was ordered to produce all correspondence under its control from January 1, 2003 until the present date between Zimmer Spine and OPTIMA distributors or distributors of any other U & I products (Id.).

2

AMD argues that U & I has not complied with the court's order, and it filed a motion to compel (Dkt. 41).  AMD has also subpoenaed similar documents from Zimmer Spine, requesting the production of documents falling into six categories (Dkt. 46, Ex. A at 6).  U & I filed a motion for protective order regarding this discovery (Dkt. 46), and Zimmer Spine filed a motion to quash the subpoena under Rule 45, Fed. R. Civ. P. (Dkt. 48).  These motions are before the court.

## II.      U & I's Motion for Protective Order (Dkt. 46)

Requests (1) through (3) of AMD's subpoena seek correspondence between Zimmer Spine and U & I regarding the right to distribute any U & I spinal and trauma implant line product in Latin America from 2004 through 2006 (Dkt. 46, Ex. A at 6).  Request (4) seeks draft agreements between Zimmer Spine and U & I; Request (5) seeks documents relating to Zimmer Spine's registration of U & I products in Latin America; and Request (6) seeks documents relating to U & I's performance of its agreement with Zimmer Spine (Id.).

U & I argues in its motion for protective order that requiring Zimmer Spine to comply with the subpoena would be unduly burdensome, basically because the parties have already exchanged over 6,000 pages during discovery (Dkt. 46).  U & I does not specify how Zimmer Spine's compliance with a subpoena that AMD propounded would impact or burden U & I.   Instead, U & I submits that the requests are irrelevant because U & I preserved AMD's contractual rights in its distribution agreement with Zimmer Spine (Id. at 2).  Prior to the hearing, U & I filed its distribution agreement with Zimmer Spine under seal (S-1).

First, U & I requests that the court limit the subpoena to Zimmer Spine's responsive documents dated from November 9, 2005 (the date U & I and Zimmer Spine signed their distribution agreement) to August 6, 2006 (the date U & I terminated its contract with AMD) (Dkt. 46 at 4).

3

Documents prior to November 9, 2005 are "of great expense to the clients for counsel to organize and review." (Id.).  Again, U & I is vague as to how it is burdened by Zimmer Spine's compliance with AMD's subpoena.

U & I also submits that AMD's requests are irrelevant because U & I manufactured products for Zimmer Spine that are clearly outside of AMD's contractual rights with U & I, as U & I and Zimmer Spine had a distribution agreement that included sales within the United States and Canada only (Id. at 4, 7).  Additionally, U & I asserts a general confidentiality objection to Zimmer Spine's compliance with the subpoena.

AMD responds that U & I only has standing to assert its confidentiality concerns to AMD's subpoena of Zimmer Spine documents and that these can be easily addressed with a confidentiality order between the parties and Zimmer Spine (Dkt. 51 at 1) similar to the one already in place between the parties (see Dkt. 32).

Rule 26(b)(1), Fed. R. Civ. P., which defines the scope of discovery, was amended in 2000. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."  Further, "for good cause shown, the court may order discovery or any matter relevant to the subject matter involved in the action."  Fed. R. Civ. P. 26(b)(1) (emphasis supplied).

The rule change was to involve the court more actively in regulating the breadth of sweeping or contentious discovery.  Fed. R. Civ. P., Advisory Committee Note.  The Advisory Committee intended by the rule change for the parties and the court to focus "on the actual claims and defenses involved in the action."  Id.  The rule change signals to the court that "it has the authority to confine discovery to the claims and defenses asserted in the pleadings . . ."  Id.

4

As a party to the case, U & I has standing to move for a protective order under Rule 26, Fed. R. Civ. P., if the subpoena seeks irrelevant information.  See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429-30 (M.D. Fla. 2005).  Nevertheless, the party seeking a protective order still has the burden to demonstrate good cause, and must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting its need for the protective order.  Id. (citation omitted).

U & I has not demonstrated good cause for the protective order it seeks.  U & I's main objection, applicable to each request, is to the time frame of responsive documents.  Requests (1) through (3) are limited to Zimmer Spine's involvement in U & I business in Latin America from 2004 through 2006.  In its amended counterclaim, AMD asserts that U & I's breach began sometime in the autumn of 2004 (see Dkt. 26).  Therefore, the time frame of the requests is reasonable.  Also, as U & I's 2004 e-mails are allegedly unavailable (an issue the court discusses below), AMD presently has no other way to obtain some of the information.  Even U & I has conceded that a non-party discovery request may be appropriate in this case (Dkt 42 at 8).  Further, AMD contends that the limited e-mails U & I has produced reveal that U & I and Zimmer Spine were discussing the termination of U & I's other distributors in favor of Zimmer Spine sometime in 2004 (Id. at 4).  AMD has filed some of these e-mails under seal (S-2).  For these reasons, U & I has not demonstrated good cause for the court to issue a protective order as to Requests (1) through (3).[2]

Similarly, the court finds that the information AMD seeks through Request (4) is relevant.

---

[2] Requests (2) and (3) seek the same information as Request (1) for the years 2005 and 2006, respectively.  Although U & I contends that only responsive documents dated from November 9, 2005 through August 6, 2006 are relevant, AMD's counterclaim contends otherwise.  Thus, U & I's challenge to the subpoena as to these requests is denied.

In Request (4), AMD seeks all draft and executed agreements between U & I and Zimmer Spine regarding the right to distribute U & I products.  U & I submits that this request is overbroad and irrelevant because U & I and Zimmer Spine also had a distribution agreement that included sales within the United States and Canada only and because U & I manufactured products for Zimmer Spine that were not available for international distribution and are clearly outside of AMD's contractual rights with U & I (Dkt. 46 at 6-7).  In this case, AMD asserts that U & I breached its agreement with AMD by entering into agreements with Zimmer Spine that, among other things, diverted U & I's staff's attention from the contract with AMD.  Thus, the protective order as to this request is denied.

Request (5) also targets relevant information as the request is limited to Zimmer Spine's documents related to registration of U & I products in Latin America, AMD's former territory under its agreement with U & I (Dkt. 46, Ex. A at 6).  Request (6) also seeks relevant information relating to U & I's performance of its agreements with Zimmer Spine and any discussions between the two companies of the termination of U & I's contract with other distributors (Id.).  This information is potentially relevant to AMD's contention that U & I was engaged in the systematic termination of its contractual rights with other parties in favor of Zimmer Spine and therefore may support AMD's claim that U & I intentionally breached the contract in this case.

The subpoena seeks relevant information under the Federal Rules of Civil Procedure, and U & I has not shown good cause for the issuance of a protective order in this circumstance. Therefore, U & I's motion is denied.

**III.      Zimmer Spine's Motion to Quash (Dkt. 48)**

Zimmer Spine opposes the subpoena issued by AMD on the grounds of relevance and undue burden, and it filed a motion to quash under Rule 45(c), Fed. R. Civ. P. (Dkt. 48).[3]  Zimmer Spine also contends that some of its responsive documents are confidential.  AMD, on the other hand, asserts that U & I has intentionally withheld documents, necessitating the subpoena (Dkt. 50).

As an initial matter, the subpoena directed to Zimmer Spine was issued by the United States District Court for the District of Delaware (Dkt. 46, Ex. A at 4), and under Rule 45, Fed. R. Civ. P., that court should decide any dispute arising out of the subpoena.  Fed. R. Civ. P. 45(c)(3)(A). However, at the hearing before the undersigned, Zimmer Spine expressly consented to this court's jurisdiction over it in this dispute.  See Highland Tank & Mfg. Co. v. PS Int'l, Inc., 227 F.R.D. 374, 381 (W.D. Penn. 2005) (stating that under Rule 45, controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere).

In this case, the subpoena targets relevant information, as discussed above.  See Fed. R. Civ. P. 45(c)(3)(A); Kona Spring Water Distributing, Inc. v. World Triathlon Corp., 2006 WL 905517, * 2 (M.D. Fla. 2006) (noting that the scope of discovery through a subpoena is broad and is the same as that applicable to other discovery rules).

---

[3]  Specifically, Zimmer Spine asserts seven objections to the subpoena:  (1) AMD requests from Zimmer Spine documents U & I has either previously produced or are subject to AMD's motion to compel; (2) the relevant time frame should be from November 9, 2005 (the date of Zimmer Spine's agreement with AMD) to August 4, 2006 (when U & I terminated its contract with AMD); (3) Requests (4) and (6) seek documents regarding products distributed outside of Latin America, when AMD's contract with U & I just pertained to Latin America; (4) "draft" contracts are irrelevant as Zimmer Spine and U & I are controlled by the final, executed contract between the parties; (5) the requests include vague and ambiguous phrases; (6) AMD requests Zimmer Spine to produce the documents more than 1000 miles from Zimmer Spine's principal place of business in Minneapolis; and (7) the documents are confidential (Id. at 3-5).  All of the objections are overruled except to the extent specifically addressed in this order.

As for Zimmer Spine's argument that responding to the subpoena would impose an undue burden on it, U & I stated at the hearing that Zimmer Spine has never sold any U & I products in AMD's territory.  Thus, Zimmer Spine's production pursuant to Requests (1) through (3) and (5) (and therefore the that burden responding to the subpoena places on Zimmer Spine) will be small. Moreover, beyond stating that responding to the subpoena would be burdensome, Zimmer Spine offers no detail of the efforts its compliance with the subpoena would entail.  Without this information, the court declines Zimmer Spine's request to withhold otherwise discoverable documents.

After weighing factors such as relevance, AMD's need for the documents, the breadth of the requests, and the time period covered by the requests against the burden imposed on Zimmer Spine in complying with the subpoena, the court denies Zimmer Spine's motion. See Schaaf v. SmithKline Beecham Corp., 2006 WL 2246146, at * 2 (M.D. Fla. 2006) (applying balancing test to Rule 45 motion to quash).  Zimmer Spine is ordered to produce responsive documents to AMD within 15 days of the date of this order.  However, Zimmer Spine has valid concerns about the confidentiality of its production pursuant to the subpoena.  Therefore, the parties are ordered to stipulate to a confidentiality agreement pertaining to Zimmer Spine's production and to file this stipulation with the court within 15 days of the date of this order.

## IV.   AMD's Motion for Sanctions, Motion to Compel (Dkt. 41)

AMD argues that U & I has not produced documents covered by the court's July 13, 2007 order.  AMD requests: (1) an order compelling U & I to produce the hard drives of employees Sean Hur, Jay Jung, and Mickey Gwak for inspection by an independent expert in Tampa; (2) an order compelling U & I to produce certain e-mail attachments omitted from its production, all 2004 e-

8

mails, executed copies of agreements with U & I distributors, internal and external correspondence, and legible copies of four allegedly critical documents identified by Bates number[4]; and (3) an order sanctioning U & I for its failure to comply with the court's July 13, 2007 order (Dkt. 41 at 5).  AMD requests that the court sanction U & I by designating certain facts as true for the purposes of the case, prohibiting U & I from relying on the affirmative defenses it asserts in response to AMD's counterclaim, and dismissing U & I's case against it or entering a default judgment against U & I (Id.).  AMD also seeks costs and fees associated with its motion.

U & I submits that it has produced all responsive documents in its possession.  However, it contends that due to a computer error following a server change that occurred prior to litigation, U & I's 2004 e-mails are "unloadable"; therefore it cannot produce them (Dkt. 42 at 6-9).[5]  Further, U & I stated at the November 21, 2007 hearing that it has no hard copies of any 2004 e-mails and has no internal or external correspondence from 2004 to produce.

At the hearing, U & I agreed to supplement its discovery responses for evidentiary purposes to clarify its position that it has produced all responsive documents under its control (as that term is defined pursuant to Rule 34, Fed. R. Civ. P.).  Further, the parties reached agreement regarding U & I's production of the e-mail attachments at issue.  The court therefore ordered the parties to file a stipulation regarding the production of e-mail attachments by November 27, 2007, and ordered U & I to file amended responses to AMD's requests to produce by November 30, 2007.

---

[4] These are documents numbered 23463, 23351, 23485, and 23356.  AMD claims that these documents outline AMD's existing contract with U & I and U & I's plans the breach the contract to fulfill its business plans with Zimmer Spine.  Since AMD filed its motion and before filing its response, U & I produced clearer copies of these documents.  However, AMD contends that sanctions are still appropriate as to this issue (Dkt. 45 at 4).

[5] U & I has produced its responsive 2003 and 2005 e-mails.

9

The issue of U & I's "unloadable" 2004 e-mails remains.  The court notes that in U & I's response to AMD's motion for sanctions, it states that AMD "is able to obtain these potentially relevant e-mails via third party discovery and its own records." (Dkt. 42 at 8).  AMD has attempted to obtain this exact third-party discovery through its subpoena directed to Zimmer Spine, which the undersigned determines complies with the Federal Rules of Civil Procedure, as discussed above.  Therefore, upon consideration the court defers ruling on AMD's motion to compel inspection of the hard drives of U & I's computers pending Zimmer Spine's production of 2004 e-mails under its control that are responsive to the subpoena issued by AMD.

Regarding AMD's sanctions request, in its discovery responses U & I did not inform AMD that its 2004 e-mails were unobtainable; instead, U & I's counsel waited until after the time period had passed for it to comply with the court's order to inform AMD of his client's computer problems.  As discussed below, the undersigned defers ruling on the issue of whether U & I should be compelled to produce the hard drives of three of its employees.  In general, however, although U & I asserts the computer error that deleted all 2004 e-mails was made in good faith, without detail of how the error occurred or the steps U & I took to retrieve the information, the court cannot evaluate this assertion.  U & I offers instead the conclusory statement that the discovery dispute is genuine and that any noncompliance on its part is harmless (Dkt. 42 at 7-8).

Rule 37(f), Fed. R. Civ. P., which governs a parties' failure to cooperate during discovery, states that "absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system."  According to the Advisory Committee Note to Rule 37(f), Fed. R. Civ. P., this subsection applies to information lost due to the routine operation

10

of an information system only if the operation was in good faith.  An analysis of good faith depends on the circumstances of each case.  Fed. R. Civ. P. 37(f), Advisory Committee Note.

Before determining whether to credit U & I's statement that U & I's "unloadable" 2004 e-mails are "forever lost" and are therefore unavailable to either party (Dkt. 42 at 7), the court requires more specific information on U & I's efforts to obtain the information.  Thus, the undersigned directs U & I to submit the affidavit of U & I's corporate representative within 10 days of the date of this order detailing 1) why the emails are "unloadable" and 2) the efforts the company has undertaken to retrieve the information.  Accordingly, ruling is deferred on this issue.

## V.    Conclusion

It is **ORDERED** that:

(1)     U & I Corporation's **Motion for Protective Order to Production of Documents Served on Non-Party Zimmer Spine, Inc.** (Dkt. 46) is **DENIED**;

(2)     Non-party Zimmer Spine, Inc.'s **Motion to Quash or Modify the Subpoena** (Dkt. 48) is **DENIED in part**.  The parties and Zimmer Spine shall file a confidentiality agreement regarding Zimmer Spine's document production pursuant to the subpoena, within 15 days of the date of this order.  Also within 20 days of the date of this order, Zimmer Spine is ordered to produce all responsive documents under its control;

(3)     Advanced Medical Design, Inc.'s **Motion for Sanctions, Motion to Compel Inspection of Computer** (Dkt. 41) is **GRANTED in part**.  The parties shall file a stipulation regarding U & I's production of the e-mail attachments at issue by November 27, 2007; U & I is also ordered to file amended responses to AMD"s requests to produce by November 30, 2007; and

11

(4)     The undersigned **DEFERS RULING** on AMD's request to inspect the computer

hard drives of three U & I employees and its request for sanctions against U & I,

pending U & I's filing of the affidavit of its corporate representative stating the steps

U & I took to retrieve its 2004 e-mails.

**DONE** and **ORDERED** in Tampa, Florida on this 26th day of November, 2007.


ELIZABETH A JENKINS
United States Magistrate Judge